**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SHERRY TURCOTTE, D.O., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 05-CV-0323-CVE-SAJ** |
| | ) | |
| BAPTIST HEALTHCARE OF OKLAHOMA, | ) | |
| INC., d/b/a INTEGRIS GROVE GENERAL | ) | |
| HOSPITAL, an Oklahoma corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is the Application by Defendant Integris Grove General Hospital to

Refer to Arbitration and Stay Civil Proceedings (Dkt. ## 14,15). Defendant requests that this Court

refer the parties to arbitration pursuant to a written employment agreement ("Employment

Agreement") entered into by the parties. Plaintiff objects on the grounds that: (1) her claim under

the whistleblower provision of the Emergency Medical Treatment and Active Labor Act

("EMTALA"), 42 U.S.C. § 1395dd(i),[1] is not subject to the arbitration provision of the Employment

---

[1]     The EMTALA whistleblower provision provides:

> A participating hospital may not penalize or take adverse action
> against a qualified medical person described in subsection
> (c)(1)(A)(iii) or a physician because the person or physician refuses
> to authorize the transfer of an individual with an emergency medical
> condition that has not been stabilized or against any hospital
> employee because the employee reports a violation of a requirement
> of this section.

42 U.S.C. § 1395dd(i). This provision, read in tandem with the civil enforcement provision
of the EMTALA, 42 U.S.C. § 1395dd(d)(2)(A), creates a private right of action for an
individual physician who engages in whistleblowing against an employer which violates the
EMTALA. See, e.g., Burton v. William Beaumont Hosp., 373 F. Supp. 2d 707, 716 (E.D.
Mich. 2005); Fotia v. Palmetto Behavioral Health, 317 F. Supp. 2d 638,642-43 (D.S.C.
2004).

Agreement; and (2) her claim of wrongful discharge under Oklahoma common law does not implicate the terms of the Employment Agreement's arbitration provision. Plaintiff denies neither the existence nor the validity of the arbitration clause. Rather, she contends that her claims, both tortious in nature, are not covered by the terms of the arbitration clause in the Employment Agreement.

## I.

Defendant seeks to compel arbitration pursuant to the Oklahoma Uniform Arbitration Act ("UAA"), Okla. Stat. tit. 15, § 801-818. Neither party raises or addresses the applicability of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, to the present dispute. That act has been interpreted to apply to most employment contracts, see, e.g., Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001) (holding that language of the FAA exempts only the employment contracts of transportation workers from the coverage of the FAA's provisions), and is applicable to the agreement at issue here. Accordingly, the Act warrants consideration.

Courts have acknowledged the similarities of the FAA and the UAA. This Court has observed, "The provisions of the Oklahoma act and the Federal Arbitration Act are closely analogous. Both establish the validity of contractual arbitration clauses, and provide that actions involving arbitrable issues shall be stayed pending their resolution by arbitration." U.S. ex rel. Tanner v. Daco Constr., Inc., 38 F. Supp. 2d 1299, 1303 (N.D. Okla. 1999). See also Towe Hester & Erwin, Inc. v. Kansas City Fire & Marine Ins. Co., 947 P.2d 594, 599 (Okla. Civ. App. 1997) ("Under both the acts, there is a strong presumption in favor of arbitration.") .

Although the FAA reflects "federal policy favoring arbitration," Volt Info. Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ., 489 U.S. 468, 476 (1989), the Supreme Court

has held that the FAA does not preempt state law unless the state law frustrates the Congressional

purposes and objectives embodied in the FAA.  As the Court explained in Volt, "The FAA contains

no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field

of arbitration." Id. at 477.  The facts of this case raise no threat of a conflict of the UAA with the

FAA, and, accordingly, the Court applies the Oklahoma act.  See Flight Sys. v. Paul A. Laurence

Co., 715 F. Supp. 1125, 1127-28 (D.D.C. 1989) (applying the Virginia Uniform Arbitration Act and

citing Volt).

## II.

The Oklahoma UAA provides,

> On application of a party showing an agreement described in section 2 of this act,[2] and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration.  If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue raised and shall order arbitration if the court resolves the issue in favor of the moving party; otherwise, the application shall be denied.

Okla. Stat. tit. 15, § 803.  Plaintiff argues that no agreement to arbitrate tort claims exists in the

Employment Agreement. "An agreement for the submission of an issue to arbitrators is a

prerequisite to the commencement of a valid arbitration agreement." Voss v. Oklahoma City, 618

P.2d 925, 928 (Okla. 1980).  The appropriate inquiry, then, is whether the terms of the agreement

express an intent to submit tort claims, including plaintiff's claim of wrongful discharge and her

claim pursuant to the EMTALA, to arbitration.

---

[2]     Section 802 of the UAA states the Act "shall apply to a written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties."  Okla. Stat. tit. 15, § 802.

The Employment Agreement provides:

> 11. <u>Arbitration</u>. Except as otherwise specifically indicated in this Agreement, any controversy or claim arising out of, or in connection with, this Agreement, or any breach or asserted breach thereof, shall be settled by arbitration in Oklahoma County, Oklahoma, in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration, and judgment on the decision or award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

Application by Defendant Integris Grove General Hospital to Refer to Arbitration/Stay of Civil Proceedings (hereinafter "Application for Arbitration") (Dkt. # 15), Ex. A, Employment Agreement for Emergency Department Services between Baptist Healthcare of Oklahoma, Inc. D/B/A Integris Grove General Hospital and Sherry A. Turcotte, D.O. (the Employment Agreement), ¶ 11.  The express language of the arbitration clause makes the subject of arbitration, "any controversy or claim arising out of, or in connection with, this Agreement, or any breach or asserted breach thereof." <u>Id.</u> Moreover, the Employment Agreement embodies the entirety of any agreements between  plaintiff and defendant.[3]  <u>Id.</u> at  ¶ 13.05.

The Court understands the express term of the Employment Agreement--"any controversy or claim arising out of, or in connection with, this Agreement"-- to require arbitration of all disputes arising out of the employment relationship between plaintiff and defendant, including her claim that she was wrongfully discharged in violation of public policy and federal law.  Specifically, the Employment Agreement governs the duration and terms of plaintiff's employment.  Plaintiff challenges the premature cessation of her employment with defendant for, she alleges, her

---

[3]     Plaintiff contends that her causes of action "would exist in the complete absence of any written employment agreement." Plaintiff's Opposition Suggestions to Defendant's Application to Refer this Matter to Arbitration and Stay of Civil Proceedings (Dkt. # 16). This contention is dubious, since it is unclear that plaintiff would have been employed at all in the absence of an employment agreement with defendant.

whistleblowing activities against defendant.  This, the Court holds, constitutes a controversy or claim arising out of or in connection with the Employment Agreement and subject to arbitration. Notably, the provision does not restrict the arbitration requirement solely to contract claims that one party breached the Employment Agreement, as plaintiff suggests.  Instead, the Agreement makes arbitrable any controversy arising out of or relating to the Agreement.

Having reviewed Hall v. ConAgra Foods, Inc., 53 P.3d 432 (Okla. Civ. App. 2002), a case cited by plaintiff, the Court finds nothing to validate her claims.  In Hall, an employee alleged that his employer had engaged in retaliatory discharge following the employee's filing of a worker's compensation claim.  Prior to the dispute, the employee's union and the employer had negotiated a collective bargaining agreement, stating that employees could be discharged only for proper cause. The employee filed a grievance with his union, which subsequently reached a settlement with the employer, providing the employee with backpay and a reinstatement of his position.    After accepting the settlement, the employee in Hall filed a lawsuit claiming retaliatory discharge, and the trial court granted defendant's motion for summary judgment on the ground that Hall's acceptance of the settlement constituted "a complete release of all claims [plaintiff] might have against [defendant]."  Id. at 433.  The Court of Civil Appeals reversed the trial court, holding that the employee's acceptance of back pay and reinstatement did not automatically preclude him from filing suit for retaliatory discharge.  Id. at 435.  The court further held that a question of fact existed as to the employee's intent to bargain away his right to bring a retaliatory discharge action.  Id.

The facts of Hall bear little resemblance to those of the present case.  Hall did not address whether the presence of a valid arbitration agreement necessarily prevents the bringing of an action in court.  Indeed, there is no discussion of an arbitration agreement between the parties in Hall or

5

the terms of the settlement agreement entered into by the union and the employer.  Likewise, the

contract interpretation issue presented in this case was not considered by the court in <u>Hall</u>.  In short,

<u>Hall</u> fails to provide support for the arguments advanced by plaintiff.

**IV.**

The Court concludes that the terms of the Employment Agreement cover plaintiff's pending

claims against defendant. In light of the strong state policy favoring arbitration, <u>see</u>, <u>e.g.</u>, <u>Rollings</u>

<u>v. Thermodyne Industries, Inc.</u>, 910 P.2d 1030, 1036 (Okla. 1996) ("No longer does Oklahoma

disfavor arbitration.  In fact, we have a strong public policy which favors it."), which exists against

the backdrop of an equally strong regard for arbitration in the federal system, the Court concludes

that plaintiff's claims ought to be submitted to arbitration.

**IT IS THEREFORE ORDERED** that  defendant's application to refer to arbitration (Dkt.

# 14) is hereby **granted**.

**IT IS FURTHER ORDERED** that defendant's motion to stay these civil proceedings (Dkt.

# 15) should be and is hereby **granted**.  This action is **stayed** pending arbitration.

**DATED** this 19th day of October, 2005.

_____

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6